HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK SPARKS,

        Plaintiff,

   v.

SOUTH KITSAP SCHOOL DISTRICT and DAVE LAROSE, an individual,

        Defendant.

CASE NO. C13-5682RBL

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

[DKT. #46]

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [Dkt. #46]. A reading of the materials convinces this Court that there are disputed facts as to every legal claim by plaintiff and for that reason the motion must be DENIED as to all causes of action in plaintiff's Complaint.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. At 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then mut show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

## II. FACTS

Plaintiff was hired by the South Kitsap School District as a provisional employee in 2009. The contract was subject to non-renewal by the Board of Directors in the first and/or second year of employment. He was hired as a career counselor. During the second year of plaintiff's employment the District's Board of Directors voted to "non-renew" plaintiff's contract. The reason given for the non-renewal of plaintiff's contract was abuse of sick leave, abuse of professional leave, and lying to human resources about the uses of sick leave and professional leaves.

Plaintiff claims that the decision was racially motivated. He says that every occasion of sick leave and professional leave which is the subject of the termination was authorized by his supervisor – Dr. Thomas Mosby. Moreover, he claims that he was subjected to disparate treatment because of his race. Further, he alleges a hostile work environment persisted in his

1  case because of a serious of racially charged comments to him, and about him by other teachers
2  at the school. Finally, he claims he was fired for retaliation because of his complaints to his
3  supervisors about the treatment he received from his colleagues.

4      These factual allegations are repeated and bundled into legal claims under 42 U.S.C. §
5  1981, as well as the Washington Law Against Discrimination (Chapter 49.60 RCW) and
6  common law claims for Breach of Employment Contract, Wrongful Termination Against Public
7  Policy, and Intentional Infliction of Emotion Distress. They implicate federal and state statutory
8  schemes and the common law. Because every fact of this story is hotly disputed, the Court must
9  deny, out of hand, defendants' motion.

10      Both sides in this dispute live in parallel universes. Sparks says that each time he took
11  professional leave (during October 2010, November 2010, and April 2010), and each time he
12  took sick leave (during December 2010 and March 2011), he did so with the authorization and
13  blessing of his supervisor, Dr. Thomas Mosby. Mosby denied to investigators that he approved
14  the leaves. Evaluation of Credibility is the province of the jury. Fact finding is not proper within
15  the context of a summary judgment proceeding.

16      In the same vein, Sparks accuses three colleagues of racial remarks that were hurtful and
17  intended to be hurtful. James Fairweather and Dave Neighbors are alleged to have referred to
18  Derek Sparks as a "n****" or as an "uppity n****" on separate occasions. Fairweather and
19  Neighbors emphatically deny such statements. Plaintiff Sparks alleges that Sandy Elton referred
20  to Derek Sparks as "chocolate" or as the "chocolate candidate" several times during Sparks'
21  tenure as an employee of South Kitsap School District. Elton, for her part, denies ever referring
22  to Sparks as chocolate.

Sparks challenges the fairness of the investigation leading up to his termination. Greg Roberts was handling the investigation of the sick leave/professional leave issues. Roberts challenged Sparks' decision to have representatives of the NAACP during the hearings. Superintendant LaRose allegedly pressured Derek Sparks to resign or "he would never work again in education." Again, LaRose emphatically denies this accusation.

There are other issues large and small that are contested and form a part of the tapestry of this case. With so much in dispute there is no point to recite it all in a "summary" proceeding. Suffice it to say, this case was destined for trial and the time and effort to mount the summary judgment motion would have been better spent on trial preparation.

Defendants' Motion for Summary Judgment [Dkt. #36] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 16th day of December, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE